ZOILO LASSALLE, Plaintiff and Appellee, *v.* MANUEL VALENCIA ET AL., Defendants and Appellants.

No. 4472. Argued May 24, 1928.—Decided May 22, 1929.

*F. M. Susoni Jr.* for the appellants. *A. Reyes Delgado* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

This was a suit in injunction to protect a right of homestead where a mortgage creditor had bought in a piece of property sold by virtue of the summary process of the Mortgage Law. Differently from the case of *Cueto* v. *District Court of San Juan,* 37 P.R.R. 227, the claimant of the homestead alleged and proved that he was about to be evicted from the house in which he lived without first paying him the amount of his alleged homestead estate or lien, namely, the sum of five hundred dollars. The District Court of Arecibo rendered judgment for the complainant. The defendant-appellants allege various errors.

The court, with the exception of Mr. Justice Aldrey, agrees with the appellee that ordinarily, if a debtor is about to be removed from his house, without paying him his right or estate of homestead an injunction will lie. Laws of 1906, p. 86, par. 3; Spelling on Injunctions, 2nd Ed., p. 195, par. 196; *Speyrer* v. *Miller,* 61 L.R.A. 781; *Fink* v. *O'Neil,* 106 U. S. 272; *Cueto* v. *District Court, supra.* Deciding or assuming, however, that such a suit lies, the whole court is of the opinion that the right of homestead set up by the appellee either did not exist or can not be claimed.

The original mortgage deed required the mortgagor to make certain improvements on his house and land. It was an essential condition of the mortgage. The whole money obtained under the mortgage was diverted to other purposes, concededly turned over to a son of the mortgagor. It stands to reason that if improvements are made property in general will enhance in value. Perhaps in this case the improvements would have been sufficient on a forced sale to protect the right of homestead.

The appellee maintains that the homestead statute except-

ing from its operation improvements only applies when the improvements are actually made. The statute says:

"That every householder, having a family, shall be entitled to an estate of homestead to the extent and value of five hundred dollars in a farm, plantation or lot of land, and buildings thereon, owned, or lawfully possessed, by lease or otherwise, and occupied by him or her, as a residence, and such homestead and all right and title therein, shall be exempt from attachment, judgment, levy or execution, except for the taxes due thereon, or purchase price of said property, or liability incurred for the improvements placed thereon, and except as hereinafter prescribed. . ." Homestead Act, section 1, Comp. 1911, sec. 1000, p. 213.

The appellee stresses the use of the words in English, "liability for the improvements placed thereon."

This is a suit in injunction. There is a maxim,—see 21 C. J. 180,—that "He who comes into equity must come with clean hands." The alleged homesteader, diverting his funds obtained by the mortgage, did not have a pair of clean hands. To permit his interpretation of the statute would be to suffer a fraud which the maxim seeks to prevent.

Probably more in point is another maxim, namely, "Equity regards that as done which ought to be done." 21 C. J. 200. If the text be examined in various cases, p. 202 *et seq.*, even down to defective conveyances and to the establishment of liens and charges which could not be sustained at law, equity has lent its aid. The homestead right is in the nature of a lien on property. The creditor and purchaser could have invoked these principles in any suit even if the appellee himself had not invoked the jurisdiction of equity.

This was the second assigment of error, and as it disposes of the case it is unnecessary to consider the others.

The judgment will be reversed and the case dismissed.

Mr. Justice Aldrey concurred in the judgment.

ON MOTION FOR RECONSIDERATION, JULY 23, 1929.

Mr. Justice Wolf delivered the opinion of the court.

The right of homestead is statutory and its terms should

be followed. Where a homesteader fraudulently transfers his homestead creditors will not be aided because he is within his rights of property as set forth in 13 R.C.L. 659, cited by the complainant. It is otherwise when the right of homestead does not arise as a result of the terms of the homestead statute. The complainant does not convince us that the words about "improvement" were for the benefit of materialmen as set out in 13 R.C.L. 607. We see no reason to change our decision on the main lines.

The complainant has raised a doubt in our minds when he says the improvements in no case would have reached $500 and therefore the homesteader would have been entitled to the difference. Where, however, the complainant does not come into court with clean hands and has committed a fraud on his mortgage, whatever other rights he may have, we do not think that within its discretion a court of equity should aid him by injunction to recover a residue.

The motion will be overruled.